IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON J. KING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-00090 |
| | ) Judge Trauger |
| JERRY GONZALEZ, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Brandon King, a state inmate in custody at the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "the Complaint") and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 6), as well as a "Motion for the Court to take Notice of this Notice of Appeals for the Case No. 3:23-cv-00090." (Doc. No. 4.) The plaintiff has also filed a document captioned "Notice of Appeal to the U.S. Court of the Middle District of TN," in which he demands payment of "settlement money" in multiple cases.[1] (Doc. No. 7.)

To the extent that the plaintiff's filings referencing a Notice of Appeal are intended to effectuate an appeal to the U.S. Court of Appeals for the Sixth Circuit, they are insufficient to do so. The only order that has been entered in this case is the court's March 16, 2023 order notifying the plaintiff of a deficiency in his IFP application (Doc. No. 5), which he promptly cured. (*See* Doc. No. 6.) An order that does not dispose of all parties or claims in an action is non-appealable, absent certification for an interlocutory appeal under 28 U.S.C. § 1292(b) or Rule 54(b) of the Federal Rules of Civil Procedure. *William B. Tanner Co. v. United States*, 575 F.2d 101 (6th Cir.

---

[1] This document was also filed in Case Nos. 3:20-cv-00379 and 3:23-cv-00030.

1978). No such certification for interlocutory appeal issued with the court's March 16 deficiency order. That order is plainly non-appealable, and "[a] notice of appeal from a plainly non-appealable order may properly be ignored by the district court," which may "proceed to adjudicate the merits of the underlying action as if the improper appeal had not been filed." *Browder v. Ankrom*, No. CIV.A. 4:05CV-P9-M, 2008 WL 3850380, at *1 (W.D. Ky. Aug. 14, 2008) (quoting *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981)).

Accordingly, the case remains before this court for ruling on the plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 6) is **GRANTED** and a $350 filing fee[2] is **ASSESSED**.

The warden of the facility in which the plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to the plaintiff for the preceding

---

[2] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the warden of the facility in which the plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance with the order. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The court must dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b). The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

3

The plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, the Complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

**B. Analysis of the Pleadings**

    **1. Facts**

The plaintiff alleges in his Complaint and a supplement thereto (Doc. No. 3) that, in a prior civil rights action which he "won"—*King v. Chambers, et al.*, No. 3:20-cv-00379 (M.D. Tenn.) (Crenshaw, J.)—his appointed attorney, Mr. Jerry Gonzalez, secured a financial settlement which he has since avoided paying to the plaintiff. (Doc. No. 1 at 5–6; Doc. No. 3 at 1.) He claims that his constitutional and other federal rights (including his "discrimination rights" and "mental health rights") were thereby violated (Doc. No. 1 at 5), and he seeks an award of damages "for wrongfully & intentionally being mistreated and avoided by Jerry Gonzalez & the Court for over a year after the case has been settled." (Doc. No. 3 at 2; *see also* Doc. No. 1 at 6.)

    **2. Discussion**

The Complaint is subject to dismissal for two reasons. First, the only defendant it names—the plaintiff's federally appointed civil attorney—is not a state actor simply by virtue of being licensed by the state, *see Chaplin v. Anderson*, No. 19-1506, 2020 WL 2192553, at *4 (6th Cir. Feb. 20, 2020) (stating that "attorneys, despite being officers of the court, are not de facto state actors for purposes of § 1983"); nor does the Complaint allege any nexus whatsoever between the

4

state and any action of Mr. Gonzalez. *See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (state action by a private actor "may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself") (citations and internal quotation marks omitted). Because the Complaint fails to name a defendant who acted under color of state law, it fails to state a claim under § 1983. *See Handy-Clay*, 695 F.3d at 539.

Second, the Complaint is factually frivolous. The plaintiff did not win Case No. 3:20-cv-00379, nor did the case settle; rather, the plaintiff lost the case when summary judgment was entered against him. *See* Case No. 3:20-cv-00379, Doc. No. 78 (granting Defendants' Motion for Summary Judgment and dismissing case) (copy attached to this order).[3] Attached to his supplemental pleading is the plaintiff's copy of an email from Mr. Gonzalez responding to the plaintiff's Consumer Assistance Program complaint, in which Mr. Gonzalez recites the history of his involvement with Case No. 3:20-cv-00379, the fact that "the court record clearly reflects that he lost and his case was dismissed with judgment in favor of the defendants," and the fact that "there was no settlement." (Doc. No. 3 at 5–6.) While the plaintiff accuses Mr. Gonzalez of lying, based on Mr. Gonzalez's statement that he "did try to settle for a few thousand dollars" (*id.* at 6), any offer and acceptance of funds in settlement of the plaintiff's claims in Case No. 3:20-cv-00379 would be reflected on the docket of that case. No such settlement is reflected on that docket, but only complete victory for the defendants and defeat for the plaintiff. *See* Case No. 3:20-cv-00379, Doc. No. 83 (Order entered Feb. 9, 2023, denying the plaintiff's post-judgment motions related to alleged settlement proceeds and confirming that "[t]his Court granted summary judgment to

---

[3] Consistent with Federal Rule of Evidence 201 ("Judicial Notice of Adjudicative Facts"), the court may take judicial notice of its own records. *United States v. Doss*, 563 F.2d 265, 269 n.2 (6th Cir. 1977). The Clerk **SHALL** docket Judge Crenshaw's order, Doc. No. 78 in Case No. 3:20-cv-00379, as an attachment to this order.

5

Defendants over a year ago, a final judgment was entered that day, and the case has been closed since January 19, 2022"). The plaintiff's Complaint in this case is based on his fanciful claim that, despite all evidence to the contrary, he "won" a settlement of his prior case. The Complaint is therefore properly dismissed as frivolous.

### III. REFERRAL TO THE U.S. ATTORNEY AND U.S. MARSHAL

The court notes the concerning tone and content of the plaintiff's July 12, 2023 letter/pleading filed in this case (Doc. No. 10) and in Case Nos. 3:20-cv-00446, 3:21-cv-00281, and 3:23-cv-00578. In that filing, the plaintiff demands his "settlements for all these cases" and warns the court that "I AIN'T PLAYIN" (followed by a series of exclamation marks). (Doc. No. 10 at 1–2.) Then, in the paragraph that follows these demands, he states: "Okay NOW I'm getting out of jail before August 2023, okay so I will be coming to the United States District Court located at 801 Broadway, Room 800, Nashville, TN, 37203; I'm telling yall right now yall better have all this money, my money ready for me to pick up foreal cuz I'm coming down there to the Court GANGSTER & GANSTA!!!! Yall, betta stop bullshitin wit me foreal. I'm 'G' foreal." (*Id.* at 2.)

The court will not tolerate such threats. This matter is hereby **REFERRED** to the Offices of the United States Attorney and the United States Marshals Service for this District, for such action as they deem necessary.

### IV. CONCLUSION

For the reasons given above, this action is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The plaintiff's pending motion (Doc. No. 4) is **DENIED** as moot.

This is the final order denying all relief in this matter. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). The court **CERTIFIES** that any appeal from this order would not be taken

in good faith. 28 U.S.C. § 1915(a)(3).

The Clerk **SHALL** transmit a copy of this order to United States Attorney Henry Leventis and to United States Marshal Denny King by email.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

7

Case 3:23-cv-00090   Document 14   Filed 07/26/23   Page 7 of 7 PageID #: 76